No. 23-7158

UNITED STATES COURT OF APPEALS FOR THE D.C. CIRCUIT

*RECEIVED U.S. COURT OF APPEALS FOR THE DC CIRCUIT 2025 FEB 14 P 6:39 FILING DEPOSITORY*

———————————

**ALEXANDER GALLO**
*Plaintiff-Appellant*

v.

**DISTRICT OF COLUMBIA**
*Defendant - Appellee*

———————————

**APPELLANT'S MOTION FOR JUDICIAL ESTOPPEL AS TO THE CONTRACTS CLAUSE CLAIM**

———————————

On Appeal from the U.S. District Court for the District of Columbia

No. 21-CV-003298

(Trevor N. McFadden, District Judge)

Alexander Gallo
950 25th St NW #329N
Washington, DC 20037
516-770-1624
aogallo@gwmail.gwu.edu

0

Judicial estoppel for inconsistent positions of law should be applied against the District as it concerns the Contracts Clause. The District's newly-claimed immunity from suit warrants this motion.

The District argues to this court of appeals- it never argued this to the district court below- that a government cannot be a defendant under the Contracts Clause (Dist. Brief, at 27-30).[1] However, in September 2021, in *Gallo v. Hopkins* before the DC Court of Appeals, this matter was discussed. I moved *that* court to resolve the Contracts Clause which was raised and ignored in Superior Court. The District then argued to the DC Court of Appeals that it should ignore the Contracts Clause there and then because the proper avenue was for me to raise the challenge in a *new suit* against the District. That new suit against Appellee is this one.

Now that Amicus for Appellant has joined Appellant in observing hypocrisy elsewhere, the Contracts Clause hypocrisy must be brought to the forefront. This court is requested to take judicial notice of the oral argument in *Gallo v. Hopkins*, and its relevance to Issue #1 in this appeal. The video, at the relevant time, is here:

https://www.youtube.com/watch?v=SCTYRByHcLI&t=8436s

---

[1] A new Contracts Clause claim, with other plaintiffs, has been brought which cites to the Home Rule Act. That case has been stayed pending this court's Opinion.

1

Megan Browder, for the District, argued around 2:20:00 that landlords should have brought a Contracts Clause claim "against the District" and that because the court was always open to sue the District under the Contracts Clause, access to the court was never violated. Judge Glickman interjected at 2:22:55:

> **Judge Glickman**: "I'm not sure I understand what you mean when you say that a contract claim could have been brought here…against the tenant? I was under the impression the District's moratorium precludes that"
>
> **The District**: "So not a breach of contract claim…a Contracts Clause claim of impairment"
>
> **Judge Easterly**: "…They could still go to court and say 'I have an interference with my right to contract' claim, that the government is interfering with my Lease agreement…?"
>
> **District**: "That's correct, Judge Easterly"
>
> **Judge Easterly**: "you could have an impairment of contracts claim, right? Nothing in the Filing Moratorium prevents them from doing the two-step of saying 'Hey, Mayor Bowser, you've impaired our right to contract, you're getting in the way of our lease, this Filing Moratorium is illegal, then you get the Filing Moratorium lifted…it's a two-step action, right?"
>
> **Megan Browder**: "that's correct"

Judge Glickman, a few minutes later, returned to this procedural question, prompting the following from now-Appellee:

> **District**, at 2:30:15: "The proper way is to challenge the constitutionality of whatever the ban was and say this impairs my contract…"
>
> **District**, at 2:31:00 "The District would need to be a Defendant, not an intervenor…you don't bring allegations in a motion"

2

The District never argued to the court below that it is immune from being a Defendant under the Contracts Clause. Now on appeal defending a sua sponte dodge, the District defends the ruling below by reversing its position before the DC Court of Appeals and declaring itself now immune from suit. The sum of all this is: Gallo didn't get a judgment *there* because the District argued the case must be brought *here*, and now when he brings it *here* Appellee wants it dismissed because it wasn't resolved *there*.

This circle, fully warranting this Motion, requires this court to join a circuit split to resolve this Motion. Ironically, in denying Appellant's prior motion for judicial estoppel which was based only on admitted *fact*, a motions panel already took a side in a circuit split as to whether inconsistent positions of law will permit an estoppel. In recasting the Motion and denying it on the ground the District did not take inconsistent positions of law on the other issue, the motions panel implicitly held estoppel would be available for inconsistent positions of law. Other circuits have held explicitly that "judicial estoppel applies to a party's stated position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion." *Helfand v. Gerson*, 105 F.3d 530 (9th Cir. 1997). See also *Matter of Cassidy*, 892 F.2d 637 (7th Cir. 1990) ("It has been said that judicial estoppel applies only to positions on questions of fact…We disagree.").

3

This court should join these other Circuits and estop the District from taking inconsistent positions of law as to whether it may be a Defendant under the Contracts Clause. This estoppel would not necessarily require a holding that the Contracts Clause is actionable under USC 1983, but if it's not, it would require a holding that a parallel cause of action lies under the Constitution (in this case, the Home Rule Act[2]).

Respectfully submitted,

*/s/ Alexander Gallo*

Alexander Gallo
950 25th St NW #329N
Washington, DC 20037
516-770-1624
aogallo@gwmail.gwu.edu

---

[2] See *Eckloff v. District of Columbia*, 135 U.S. 240 (1890) ("It is the constitution of the District"). This court has seemingly stopped at "assuming" the cause of action exists. See *D.C. Ass'n of Chartered Pub. Sch. v. Dist. of Columbia*, 930 F.3d 487 (D.C. Cir. 2019) ("…its claim under the Home Rule Act. Again, we assume, without deciding, that the Act furnishes a cause of action."). The legislature has since conceded this cause of action, at a minimum for declaratory relief. See *Brief of Amicus Curiae Council of the District of Columbia*, DC Court of Appeals Case No. 20-CV-318, Banks v. Hoffman (filed April 15, 2024) ("courts enjoy a mandate to invalidate Council laws that are unconstitutional or invalid under the Home Rule Act"). Lastly, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997). The District has long been aware that a backup basis for the claim is "Whether the filing moratorium violates D.C. Code § 1-204" *Dist. of Columbia v. Towers*, 250 A.3d 1048 (D.C. 2021).

4

## CERTIFICATE OF SERVICE

I certify that on February 14, 2025, a copy of this Motion is served by electronic mail on:

~~carl.schifferle@dc.gov~~
jeremy.girton@dc.gov

_____<br>Alexander Gallo

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to FRAP 27 this Motion contains 928 words and 4 pages, well below the Motion word and page limit.

An original and a copy are provided. A certificate of parties has already been filed (Circuit Rule 27).

_____<br>Alexander Gallo

## REQUESTED CONSENT

I certify that I requested consent from the District to file this Motion. The District declined to consent.

_____<br>Alexander Gallo

5